NORDLINGER v. UNITED STATES.

(Circuit Court, S. D. New York. July 27, 1900.)

No. 93.

CUSTOMS DUTIES (§ 85*)—APPEAL—TAKING TESTIMONY BEYOND JURISDICTION OF COURT.

Where a referee has been appointed by the Circuit Court to take further testimony on appeal from the Board of General Appraisers, under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138, the court is without authority to direct the referee to take testimony beyond its territorial limits, irrespective of the referee's willingness to go.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

See Bartram v. U. S. (C. C.) 106 Fed. 878.

On motion in behalf of the government.

Comstock & Brown (Albert Comstock, of counsel), for importer.
D. Frank Lloyd, Asst. U. S. Atty.

LACOMBE, Circuit Judge. In this case an appeal was taken from the decision of the Board of General Appraisers, and under section 15 of the customs administrative act of June 10, 1890 (26 Stat. 138, c. 407), "such further evidence as may be offered" is being taken

before "one of the said General Appraisers as an officer of the court." The appellee offers to produce certain witnesses in New Orleans, La., and asks for an order that such testimony may be taken there before such General Appraiser.

There seems to be no authority for any such order; nothing in the statute indicates that the court has power to require the General Appraiser to go beyond its jurisdiction and betake himself to remote localities in the United States to take evidence in these causes. It makes no difference that in this particular cause the General Appraiser has signified his willingness to go. That is purely an act of courtesy on his part; but the right of the parties in these causes to take evidence before the appraiser outside of the jurisdiction of the court, as whose officer he sits, cannot be left contingent upon his convenience or courtesy.

There seems to be no sound objection, however, to the court allowing a commission to issue in the usual form upon written interrogatories, direct and cross, to take the testimony of some particular witness or witnesses whose attendance here cannot be secured.

Motion denied, with leave to renew as a motion for a commission.